IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILBERT C. JOHNSON,   ) | |
| ID # 613845,   ) | |
|     Petitioner,   ) | |
| vs.   ) | No. 3:11-CV-2254-N-BH |
| ) | |
| RICK THALER, Director,   ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice,   ) | |
| Correctional Institutions Division,   ) | |
|     Respondent.   ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the order of reference dated March 29, 2012, before the Court for recommendation is petitioner's *Motion for Judgement and Order Pursuant to the Federal Rules of Civil Procedure Rule 60(B)(6),* filed February 7, 2012 (doc. 11). Based on the relevant filings, evidence and applicable law, the motion for relief from judgment should be **DENIED**.

**I.  BACKGROUND**

On August 31, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1992 Dallas County conviction for murder in Cause No. F92-00375 on the basis that it was improperly enhanced by a prior conviction. (doc. 2). On October 11, 2011, this Court entered judgment transferring petitioner's habeas petition to the Fifth Circuit as a successive petition. (doc. 9). Petitioner filed a motion to dismiss his petition in the Fifth Circuit, and that motion has been granted. *See In Re:Johnson*, No. 11-10975 (5th Cir. Nov. 16, 2011).

In his current motion for relief from judgment, petitioner asserts that his habeas petition should be considered a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) because the state used a void conviction for enhancement purposes. (doc. 11 at 1-2). He also challenges this Court's decision not to review the constitutionality of his state sentence. *Id*. at 7.

## II. ANALYSIS

Petitioner asserts that he is seeking relief from judgment under Rule 60(b) because the judgment was because the underlying state conviction was void. (doc. 54 at 1).

Under Rule 60(b)(4), a party is entitled to relief from a federal judgment that is void. The Fifth Circuit has recognized two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: 1) if the district court lacked subject matter or personal jurisdiction over the case; or 2) if the district court acted in a manner contrary to due process. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil case will not subject the judgment to collateral attack. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Petitioner has neither alleged nor shown that this Court lacked jurisdiction over his habeas case or that it acted contrary to due process of law. Accordingly, he is not entitled to relief from judgment under Rule 60(b)(4).

Petitioner specifically argues that he is entitled to relief from judgment under Rule 60(b)(6). (doc. 11 at 3). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to

grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, petitioner's motion re-urges the same issues he raised in his federal habeas petition. His petition was found to be successive because petitioner had filed two previous federal habeas petitions challenging his state murder conviction. *See Johnson v. Scott*, No. 3:95-CV-1973-T (N.D. Tex. May 13, 1996); *Johnson v. Cockrell*, No. 3:02-CV-1452-L (N.D. Tex. Aug. 5, 2002). While this Court did not decide his petition on its merits, it did not have jurisdiction to do so. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (holding that a district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals). Because this Court cannot decide petitioner's habeas case on its merits, he is not entitled to relief from judgment pursuant to Rule 60(b)(6).

Nor does petitioner's attempt to re-characterize his federal habeas petition as a Rule 60(b) motion attacking a void state enhancement afford him relief. The Supreme Court has held that a Rule 60(b) motion that seeks to present a new claim that was not presented in an earlier habeas petition, or that seeks to present "newly discovered evidence" in support of a previous claim, or that argues that a subsequent change in law is a reason to grant relief is, in substance, a successive habeas petition and should be treated accordingly. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Petitioner's federal petition was attempting to raise new claims challenging his state conviction that were not raised in his earlier federal habeas petitions. Accordingly, petitioner's habeas petition, whether labeled a § 2254 petition or a Rule 60(b) motion, was properly construed as a successive § 2254 habeas petition that requires pre-certification by the Fifth Circuit. *Id*. at 531-32. Petitioner's motion for relief from judgment should be denied.

3

### III. RECOMMENDATION

Petitioner's *Motion for Judgement and Order Pursuant to the Federal Rules of Civil Procedure Rule 60(b)(6)* should be **DENIED**.

**SIGNED this 2nd day of April, 2012.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE